IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DONALD H. SELLERS, and GABRIELLE )
LEGUALT,                         )
                                 )
            Plaintiffs,          )   No. 6:12-cv-1654-HO
                                 )
       v.                        )   ORDER
                                 )
BRIAN T. MOYNIHAN, and/or his    )
successor, individually and in his )
official capacity as President/CEO )
of BAC HOME LOANS SERVICING, LP, )
en legis being used to conceal   )
fraud; JAMES F. TAYLOR, and/or his )
successor, individually and in his )
official capacity as President of )
Finance & Administration RECONTRUST )
COMPANY, N.A., en legis being used )
to conceal fraud;                )
BRIAN T. MOYNIHAN, and/or his    )
successor, individually and in his )
official capacity as President/CEO )
of BANK OF AMERICA, en legis being )
used to conceal fraud; ANGELO    )
MAZILO, and/or his successor,    )
individually and in his official )
capacity as President/CEO of     )
COUNTRYWIDE HOME LOANS, INC., en )
legis being used to conceal fraud; )
R.K. ARNOLD and/or his successor, )
individually and in his official )
capacity as President/CEO of     )
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS, INC., en legis being used )
to conceal fraud; JOHN AND JANE  )
DOES (Investors) 1-10,000 and XYZ )
CORPORATIONS 1-10,               )
                                 )
            Defendants.          )
                                 )
_____)

1 - ORDER

At 9:05 a.m., on September 13, 2012, plaintiffs filed a complaint seeking declaratory and injunctive relief purportedly under 18 U.S.C. § 4 (misprision of felony) and 42 U.S.C. 1983. Plaintiffs complaint is incoherent and difficult to decipher. They allege violations of a variety of criminal statutes as well as various portions of the Uniform Commercial Code and assert unauthorized changes to "documents, agreements, contracts, notes, and/or the like by any and all parties." Plaintiffs further allege that defendants have "created a very complex and far-reaching conspiracy involving all Defendant(s) to divest American citizens of their real property and America its land." Plaintiffs liken the actions of defendants to "'homegrown terrorists' of the 1980's and 1990s that were terminated by the F.B.I. at the end of the last century."

Plaintiffs also allege that defendants stamped "the Original Promissory Note 'PAY TO THE ORDER OF *** WITHOUT RECOURSE.' ... Defendant(s) knowingly, intelligently and willfully converted the Original Promissory Note to 'check' and then 'cashed' and or/monetized the Original Promissory Note/check, and provided Plaintiffs with Federal Reserve notes as a 'currency exchange' and not as a loan." Plaintiffs also assert that defendants "made misrepresentations ... by claiming that the ens legis if Defendant(s) loaned to [plaintiffs] as grantors the assets of the ens legis, when in fact the ens legis of Defendant(s) actually exchanged [plaintiffs] as grantors original Promissory Note for the

cash that Defendant(s) received from monetizing [plaintiffs] original Promissory Note."

Plaintiffs seek dismissal of "this foreclosure" because they never consented to securitization of the mortgage or subsequent transfers of the mortgage as modified. Plaintiffs also contend that defendants lack standing because they do not hold the note and cannot act as the agent for the certificate holder for purposes of foreclosure.

Along with the complaint, plaintiffs have filed a motion for a preliminary injunction and temporary restraining order requesting the court to restrain defendants from selling, assigning, transferring, or conveying their real property apparently scheduled for foreclosure at 10:00 a.m. on September 13, 2012.

In seeking a temporary injunctive relief, plaintiffs must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in their favor. The critical element in determining the test to be applied is the relative hardship to the parties. If the balance of harm tips decidedly toward the plaintiffs, then the plaintiffs need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. <u>Gilder v. PGA Tour, Inc.</u>, 936 F.2d 417, 422 (9th Cir. 1991). For purposes of injunctive relief, serious questions refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side

3 - ORDER

prevent resolution of the questions or execution of any judgment by altering the status quo. Id. Serious questions are substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation. Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits. Id.

Even if the balance of hardships tips sharply in plaintiffs' favor, however, it must be shown as an irreducible minimum that there is a fair chance of success on the merits. Stanley v. University of Southern California, 13 F.3d at 1313, 1319. (1994). In this case, it is impossible to discern from the pleadings that there is a fair chance of success. It is highly unlikely that the cited criminal and commercial statutes are applicable. At best, plaintiffs imply that assignments in the interest in the mortgage note have not been recorded prior to a non-judicial foreclosure which suggests a violation of the Oregon Trust Deed Act, O.R.S. § 86.735. Plaintiff Legault's Affidavit also implies a failure to timely respond to a request for loan modification under O.R.S. § 86.737. However, plaintiffs fail to provide any evidence or even appropriate allegations of unrecorded transfers of the deed or underlying mortgage or adequate requests for modification and subsequent failure to respond. Indeed, plaintiffs provide no discussion of the creation of the deed of trust, the mortgage, and any subsequent transfers. The court has no basis for determining whether any violations of the Oregon Trust Deed Act have occurred.

4 - ORDER

Plaintiff's provide insufficient information regarding any agreement resulting in the granting of a deed of trust or mortgage, any default or lack thereof, any notice of default and notice of sale, or any of possible violations of the procedures for a non-judicial foreclosure. The court is mindful of the pitfalls awaiting mortgage lenders and servicers who utilize the system instituted by defendant Mortgage Electronic Registration Systems, Inc. (MERS), when availing themselves of non-judicial foreclosure process. See Niday v. GMAC Mortgage, LLC., 251 Or.App. 278 (2012). However, simply naming MERS as a defendant is insufficient to demonstrate a fair chance of success in a suit to enjoin a non-judicial foreclosure. Accordingly, the request for a temporary restraining order is denied.

## CONCLUSION

For the reasons stated above, plaintiffs' Motion for a preliminary injunction and temporary restraining order (#2) is denied.

DATED this **13th** day of September, 2012.

Michael C. Hogan
United States District Judge

5 - ORDER