FILED'07 DEC '12 13:17 USDC-ORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DONALD H. SELLERS, and GABRIELLE        )
LEGAULT,                                )
                                        )
              Plaintiffs,               )    No. 6:12-cv-1654-AA
                                        )
       v.                               )    OPINION and ORDER
                                        )
BRIAN T. MOYNIHAN, and/or his           )
successor, individually and in his      )
official capacity as President/CEO      )
of BAC HOME LOANS SERVICING, LP,        )
en legis being used to conceal          )
fraud; JAMES F. TAYLOR, and/or his      )
successor, individually and in his      )
official capacity as President of       )
Finance & Administration RECONTRUST)
COMPANY, N.A., en legis being used      )
to conceal fraud;                       )
BRIAN T. MOYNIHAN, and/or his           )
successor, individually and in his      )
official capacity as President/CEO      )
of BANK OF AMERICA, en legis being      )
used to conceal fraud; ANGELO           )
MAZILO, and/or his successor,           )
individually and in his official        )
capacity as President/CEO of            )
COUNTRYWIDE HOME LOANS, INC., en         )
legis being used to conceal fraud;      )
R.K. ARNOLD and/or his successor,       )
individually and in his official        )
capacity as President/CEO of            )
MORTGAGE ELECTRONIC REGISTRATION        )
SYSTEMS, INC., en legis being used      )
to conceal fraud; JOHN AND JANE         )
DOES (Investors) 1-10,000 and XYZ       )
CORPORATIONS 1-10,                      )
                                        )
              Defendants.               )
────────────────────────────────────────)

AIKEN, Chief Judge:

Plaintiffs seek declaratory and injunctive relief purportedly under 18 U.S.C. § 4 (misprision of felony) and 42 U.S.C. 1983. Plaintiffs complaint is incoherent and difficult to decipher. They allege violations of a variety of criminal statutes as well as various portions of the Uniform Commercial Code and assert unauthorized changes to "documents, agreements, contracts, notes, and/or the like by any and all parties." Plaintiffs further allege that defendants have "created a very complex and far-reaching conspiracy involving all Defendant(s) to divest American citizens of their real property and America its land." Plaintiffs liken the actions of defendants to "'homegrown terrorists' of the 1980's and 1990s that were terminated by the F.B.I. at the end of the last century."

Plaintiffs also allege that defendants stamped "the Original Promissory Note 'PAY TO THE ORDER OF *** WITHOUT RECOURSE.' ... Defendant(s) knowingly, intelligently and willfully converted the Original Promissory Note to 'check' and then 'cashed' and or/monetized the Original Promissory Note/check, and provided Plaintiffs with Federal Reserve notes as a 'currency exchange' and not as a loan." Plaintiffs also assert that defendants "made misrepresentations ... by claiming that the ens legis if Defendant(s) loaned to [plaintiffs] as grantors the assets of the ens legis, when in fact the ens legis of Defendant(s) actually

2 - OPINION AND ORDER

exchanged [plaintiffs] as grantors original Promissory Note for the cash that Defendant(s) received from monetizing [plaintiffs] original Promissory Note."

Plaintiffs seek dismissal of "this foreclosure" because they never consented to securitization of the mortgage or subsequent transfers of the mortgage as modified. Plaintiffs also contend that defendants lack standing because they do not hold the note and cannot act as the agent for the certificate holder for purposes of foreclosure.

On September 13, 2012, the court denied plaintiffs' request for a temporary restraining order and preliminary injunction requesting the court to restrain defendants from selling their real property then scheduled for foreclosure on that day.[1]  Defendants Brian Moynihan, James Taylor, Angelo Mazilo, and R.K. Arnold now move to dismiss this proceeding.[2]

Defendants assert both that the court lacks personal jurisdiction over them and that plaintiffs' complaint fails to

---

[1]It appears that the sale had been rescheduled for November 29, 2012, but that defendants have now voluntarily decided to cancel the non-judicial sale. See Plaintiffs' Response (#12) at pp. 1, 4.

[2]Plaintiffs name these individual defendants in their capacities as Presidents and CEOs of BAC Home Loans, Recontrust Company, Bank of America, Countrywide Home Loans, and Mortgage Electronic Registration Systems.  The complaint does not name the underlying companies as defendants.

3 - OPINION AND ORDER

state a claim for relief.[3]

As the court noted in its order denying preliminary relief:

In this case, it is impossible to discern from the
pleadings that there is a fair chance of success. It is
highly unlikely that the cited criminal and commercial
statutes are applicable. At best, plaintiffs imply that
assignments in the interest in the mortgage note have not
been recorded prior to a non-judicial foreclosure which
suggests a violation of the Oregon Trust Deed Act, O.R.S.
§ 86.735. Plaintiff Legault's Affidavit also implies a
failure to timely respond to a request for loan
modification under O.R.S. § 86.737. However, plaintiffs
fail to provide any evidence or even appropriate
allegations of unrecorded transfers of the deed or
underlying mortgage or adequate requests for modification
and subsequent failure to respond. Indeed, plaintiffs
provide no discussion of the creation of the deed of
trust, the mortgage, and any subsequent transfers. The
court has no basis for determining whether any violations
of the Oregon Trust Deed Act have occurred. Plaintiffs
provide insufficient information regarding any agreement
resulting in the granting of a deed of trust or mortgage,
any default or lack thereof, any notice of default and
notice of sale, or any possible violations of the
procedures for a non-judicial foreclosure. The court is
mindful of the pitfalls awaiting mortgage lenders and
servicers who utilize the system instituted by defendant
Mortgage Electronic Registration Systems, Inc. (MERS),
when availing themselves of the non-judicial foreclosure
process. See Niday v. GMAC Mortgage, LLC., 251 Or.App.
278 (2012). However, simply naming MERS as a defendant
is insufficient to demonstrate a fair chance of success
in a suit to enjoin a non-judicial foreclosure.

Order (#6) dated September 13, 2012, at pp. 4-5.

It is impossible to discern a plausible cause of action from

the operative complaint whether it be violation of the Oregon Trust

Deed Act, breach of contract, negligence, or fraud. In addition,

---

[3]Defendants also note that plaintiffs have yet to serve the
summons.

4 - OPINION AND ORDER

there are no allegations of specific activities by individual defendants to demonstrate liability for any wrongdoing.

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." This standard does not require detailed factual allegations, but it does require more than unadorned the-defendant-unlawfully-harmed-me type of accusations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must, on its face, contain sufficient factual matter to state a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (internal quotations and citations omitted).

Plaintiffs' response fails to address any of the deficiencies regarding the factual allegations or personal jurisdiction. Moreover, it is unclear if the case has become moot due to a cancellation of the non-judicial foreclosure. However, plaintiffs do generally state that they disagree with defendants regarding

5 - OPINION AND ORDER

jurisdiction and will supply evidence to support their case.   In addition, plaintiffs ask the court for a date on which they must file an amended complaint.   Accordingly, the motion to dismiss is granted without prejudice to file an amended complaint.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (#9) is granted without prejudice.   Plaintiffs shall submit an amended complaint within 30 days.   Plaintiffs are warned that a failure to file an amended complaint, curing the deficiencies noted above, will result in dismissal of this proceeding with prejudice.

DATED this _____3rd_____ day of ~~November~~ December, 2012.

_____
Ann Aiken
United States District Judge

6 - OPINION AND ORDER