IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DONALD H. SELLERS, and GABRIELLE    )
LEGUALT,                            )
                                    )
            Plaintiffs,             )    No. 6:12-cv-1654-AA
                                    )
        v.                          )    ORDER
                                    )
BRIAN T. MOYNIHAN, and/or his       )
successor, individually and in his  )
official capacity as President/CEO  )
of BAC HOME LOANS SERVICING, LP,    )
en legis being used to conceal      )
fraud; JAMES F. TAYLOR, and/or his  )
successor, individually and in his  )
official capacity as President of   )
Finance & Administration RECONTRUST )
COMPANY, N.A., en legis being used  )
to conceal fraud;                   )
BRIAN T. MOYNIHAN, and/or his       )
successor, individually and in his  )
official capacity as President/CEO  )
of BANK OF AMERICA, en legis being  )
used to conceal fraud; ANGELO       )
MAZILO, and/or his successor,       )
individually and in his official    )
capacity as President/CEO of        )
COUNTRYWIDE HOME LOANS, INC., en    )
legis being used to conceal fraud;  )
R.K. ARNOLD and/or his successor,   )
individually and in his official    )
capacity as President/CEO of        )
MORTGAGE ELECTRONIC REGISTRATION    )
SYSTEMS, INC., en legis being used  )
to conceal fraud; JOHN AND JANE     )
DOES (Investors) 1-10,000 and XYZ   )
CORPORATIONS 1-10,                  )
                                    )
            Defendants.             )
                                    )
_____)

1 - ORDER

AIKEN, Chief Judge:

Plaintiffs initiated this suit seeking declaratory and injunctive relief on September 13, 2012, attempting to halt a foreclosure sale scheduled about one hour after the filing of the complaint. At that time, plaintiffs sought relief under 18 U.S.C. § 4 (misprision of felony) and 42 U.S.C. § 1983, alleging violations of a variety of criminal statutes and the Uniform Commercial Code. The court construed the complaint as alleging violation of the Oregon Trust Deed Act, O.R.S. § 86.735, via unrecorded assignments in the interest in the mortgage note. The court also assumed allegations of a failure to timely respond to a request for loan modification under O.R.S. § 86.737, based on affidavits submitted along with the complaint. The court denied the plaintiffs' motion for a temporary restraining order and preliminary injunction because the complaint and supporting materials

> fail to provide any evidence or even appropriate allegations of unrecorded transfers of the deed or underlying mortgage or adequate requests for modification and subsequent failure to respond. Indeed, plaintiffs provide no discussion of the creation of the deed of trust, the mortgage, and any subsequent transfers. The court has no basis for determining whether any violations of the Oregon Trust Deed Act have occurred. Plaintiff's provide insufficient information regarding any agreement resulting in the granting of a deed of trust or mortgage, any default or lack thereof, any notice of default and notice of sale, or any of possible violations of the procedures for a non-judicial foreclosure. The court is mindful of the pitfalls awaiting mortgage lenders and servicers who utilize the system instituted by defendant

2 - ORDER

>Mortgage Electronic Registration Systems, Inc. (MERS), when availing themselves of non-judicial foreclosure process. See <u>Niday v. GMAC Mortgage, LLC.</u>, 251 Or.App. 278 (2012). However, simply naming MERS as a defendant is insufficient to demonstrate a fair chance of success in a suit to enjoin a non-judicial foreclosure.

Order (#6) dated September 13, 2012.

On December 3, 2012, the court granted a motion to dismiss, without prejudice, because no plausible cause of action could be discerned from the then operative complaint. Plaintiffs have now filed an amended complaint against Bank of America, Bank of America Home Loans, Recontrust Company, MERS, and all other entities asserting interest in the subject property.

Plaintiffs still assert their claims under 18 U.S.C. § 4 and 42 U.S.C. § 1983, but now refer to the Oregon Trust Deed Act specifically. Nonetheless, plaintiffs rely on speculation and assert that their "concern is that under MERS and CountryWide's fraudulent practices, our property may have been sold, assigned or otherwise become security for any number of unidentified investors whose subsequent monetary interest in our property was never recorded." First Amended Complaint (#16) at ¶ 2.

Plaintiffs obtained a mortgage and executed a deed of trust in favor of MERS, as nominal beneficiary for Guaranty Bank on or about July 10, 2008. Plaintiffs subsequently refinanced the mortgage and executed a deed of trust in favor of MERS, as nominal beneficiary for CountryWide, on or about May 20, 2009. The materials submitted demonstrate that the latter deed of trust was assigned to Bank Of

3 - ORDER

America after a merger with CountryWide and such assignment was recorded on October 5, 2011. On May 7, 2012, a notice of default was recorded with the Lane County Clerk, and a sale, as noted above, was scheduled for September 13, 2012. Plaintiffs allege fraud in connection with this notice of default, specifically asserting forged signatures on the part of MERS. The materials submitted in connection with the motion to dismiss indicated that the foreclosure sale, however, was canceled. Plaintiffs do also allege that they submitted applications for modification, but it is unclear if they are asserting failure to timely respond to the applications.

In addition to submitting the amended complaint, plaintiffs renew their application for a temporary restraining order and preliminary injunction.

In seeking a temporary injunctive relief, plaintiffs must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in their favor. The critical element in determining the test to be applied is the relative hardship to the parties. If the balance of harm tips decidedly toward the plaintiffs, then the plaintiffs need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. <u>Gilder v. PGA Tour, Inc.</u>, 936 F.2d 417, 422 (9th Cir. 1991). For purposes of injunctive relief,

4 - ORDER

serious questions refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo. Id. Serious questions are substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation. Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits. Id.

Even if the balance of hardships tips sharply in plaintiffs' favor, however, it must be shown as an irreducible minimum that there is a fair chance of success on the merits. Stanley v. University of Southern California, 13 F.3d at 1313, 1319. (1994).

Although plaintiffs' amended complaint does provide a more plausible cause of action, it fails to demonstrate what action must be enjoined pending litigation. As noted above, the foreclosure sale has been canceled. Moreover, attached to the complaint is a rescission of notice of default recorded in Lane County on October 5, 2012. Ex. M (attached to First Amended Complaint (#16). Given that plaintiffs can only speculate, at this time, that a violation of the Oregon Trust Deed Act has occurred, they have not demonstration a strong likelihood of success. In addition, the lack of a notice of default and pending foreclosure sale prevent a

5 - ORDER

finding of irreparable harm. Accordingly, the motion for temporary injunctive relief is denied.

## CONCLUSION

For the reasons stated above, plaintiffs' Motion for a temporary restraining order (#17) is denied.

DATED this 7th day of January, 2013.

_____
Ann Aiken
United States District Judge

6 - ORDER