IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DONALD H. SELLERS, and GABRIELLE )
LEGUALT, )
                                 )
        Plaintiffs,              )    No. 6:12-cv-1654-AA
                                 )
            v.                   )    ORDER
                                 )
BANK OF AMERICA, N.A.; BANK OF   )
AMERICA HOME LOANS; RECONTRUST   )
COMPANY, N.A.; MORTGAGE ELECTRONIC )
REGISTRATIONS SYSTEMS INC., aka  )
MERS; and all other persons or   )
parties unknown claiming any right,)
title, lien, or interest in the  )
property described in the        )
complaint, including without     )
limitation all assignees and/or  )
successor trustee(s),            )
                                 )
        Defendants.              )
                                 )
_____)

AIKEN, Chief Judge:

    Plaintiffs initiated this suit seeking declaratory and

1 - ORDER

injunctive relief on September 13, 2012, attempting to halt a foreclosure sale scheduled on that date. At that time, plaintiffs sought relief under 18 U.S.C. § 4 (misprision of felony) and 42 U.S.C. § 1983, alleging violations of a variety of criminal statutes and the Uniform Commercial Code. The court construed the complaint as alleging a violation of the Oregon Trust Deed Act, O.R.S. § 86.735, via unrecorded assignments in the interest in the mortgage note. The court also assumed allegations of a failure to timely respond to a request for loan modification under O.R.S. § 86.737, based on affidavits submitted along with the complaint. The court denied the plaintiffs' motion for a temporary restraining order and preliminary injunction, however, because the complaint and supporting materials failed to adequately demonstrate unrecorded transfers of the deed or underlying mortgage or adequate requests for modification and subsequent failure to respond.

On December 3, 2012, the court granted a motion to dismiss, without prejudice, because no plausible cause of action could be discerned from the then operative complaint.

Plaintiffs filed an amended complaint against Bank of America, Bank of America Home Loans, Recontrust Company, Mortgage Electronic Registration Systems, Inc. (MERS), and all other entities asserting interest in the subject property. Plaintiffs still assert claims under 18 U.S.C. § 4 and 42 U.S.C. § 1983, but also refer to the Oregon Trust Deed Act specifically. Plaintiffs aver that they are

2 - ORDER

concerned that under MERS and CountryWide's allegedly fraudulent practices, rights in their property may have been sold or assigned to any number of unidentified investors whose subsequent monetary interest in their property was never recorded. First Amended Complaint (#16) at ¶ 2.

Plaintiffs obtained a mortgage and executed a deed of trust in favor of MERS, as a nominal beneficiary for Guaranty Bank on or about July 10, 2008. Plaintiffs subsequently refinanced the mortgage and executed a deed of trust in favor of MERS, as nominal beneficiary for CountryWide, on or about May 20, 2009. The latter deed of trust was assigned to Bank Of America after a merger with CountryWide and such assignment was recorded on October 5, 2011. On May 7, 2012, a notice of default was recorded with the Lane County Clerk, and a sale, as noted above, was scheduled for September 13, 2012. Plaintiffs allege fraud in connection with this notice of default, specifically asserting forged signatures on the part of MERS. Plaintiffs seek, through the amended complaint, an injunction prohibiting the foreclosure sale. Materials previously submitted indicated that the foreclosure sale, however, was canceled. Indeed, defendants now move to dismiss the case as moot because of the cancellation of the sale.[1]

---

[1] In addition, defendants ask the court to take judicial notice of the notice of default and election to sell and the rescission of that notice in the public records of Lane County, Oregon. These documents are properly subject to judicial notice and defendants' request is granted.

3 - ORDER

Federal courts are courts of limited jurisdiction. Jurisdiction is limited to actual cases or controversies. See Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086-87 (9th Cir. 2011). A case or controversy requires "that an actual, ongoing controversy exist at all stages of federal court proceedings." Id. at 1086. (internal citation omitted).

"[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc., v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 190 (2000). Defendant's voluntary action may result in a moot claim when: (1) there is no reasonable expectation that the alleged violation will recur; and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Smith v. Univ. of Washington, 233 F.3d 1188, 1194 (9th Cir. 2000) (internal citation omitted).

Because the non-judicial foreclosure plaintiffs seek to enjoin is no longer possible due to defendant's voluntary decision to rescind the notice of default and election to sell, the case has become moot. Accordingly, defendants' motion to dismiss is granted.

4 - ORDER

## CONCLUSION

For the reasons stated above, defendants' request for judicial notice (#22) and motion to dismiss (#20) are granted. This case is dismissed with prejudice.

DATED this __12__ day of March, 2013.

                                      Ann Aiken
                        United States District Judge

5 - ORDER